OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Steven McConkey appeals the September 29, 2006, and August 29, 2006, decisions of the Guernsey County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Plaintiff-appellant, Steven D. McConkey, who resides in Cambridge, Ohio, is the father of his minor children Stephanie McConkey (DOB 01-02-92) and Sarah McConkey (DOB 06-28-93). He had custody of the minor children from May 13, 1995 to March of 2005. (See Magistrate's Report of September 26, 1995, and Transcript of August 22, 2006 hearing p. 6 lines 9-19).
 {¶ 3} Defendant-appellee, Kathy Roberts, is the mother of the minor children and has resided in Fenton, Missouri since 1998. (See Transcript of August 22, 2006 hearing p. 46 lines 12-13).
 {¶ 4} The minor children have lived with Defendant-appellee since June of 2005. (See Transcript of August 22, 2006 Hearing p. 46 lines 22-24).
 {¶ 5} On July 18, 2006, Plaintiff-appellant filed a Motion for Modification of Parental Rights and Responsibilities.
 {¶ 6} On August 22, 2006, a hearing was held before Magistrate Marcia Hollins.
 {¶ 7} On August 29, 2006, the Magistrate issued her decision, findings of fact and conclusions of law. The Magistrate concluded that a "change of circumstances" had not occurred and therefore did not proceed with a best interest and substantial harm analysis. *Page 3 
 {¶ 8} On September 12, 2006 Plaintiff-appellant filed Objections to the findings of Fact and Conclusions of Law and overall to the decision.
 {¶ 9} On September 29, 2006, the trial court denied the Objections.
 {¶ 10} It is from this decision appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO SET ASIDE THE MAGISTRATE'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AS THE CONCLUSION OF LAW THAT THERE HAD NOT BEEN A "CHANGE OF CIRCUMSTANCES" WAS PLAIN ERROR.
 {¶ 12} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO SET ASIDE MAGISTRATE HOLLINS DECISION AND ORDERING A NEW HEARING BEFORE THE JUDGE OR A DIFFERENT MAGISTRATE WHEN IT LEARNED THAT MAGISTRATE HOLLINS HAD BEEN THE PROSECUTING ATTORNEY IN A CRIMINAL CASE ALLEGING DOMESTIC VIOLENCE BY THE PLAINTIFF-APPELLANT AGAINST THE DEFENDANT-APPELLEE."
 I. {¶ 13} In his first assignment of error, appellant challenges the trial court's decision adopting the finding of the Magistrate that there had not been a change of circumstances.
 {¶ 14} Civ.R. 53(E)(3) states as follows:
 {¶ 15} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. *Page 4 
 {¶ 16} "(c) Objections to magistrate's findings of fact. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
 {¶ 17} "(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 18} Appellant, in the case sub judice, failed to file a transcript of the final hearing before the Magistrate for the trial court to review when ruling on appellant's objections.
 {¶ 19} This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal.Doane v. Doane (May 2, 2001), Guernsey App. No. 00CA21, 2001 WL 474267
and Gordon v. Gordon, Knox App. No. 01-CA-26, 2002-Ohio-2888.
 {¶ 20} When an objecting party fails to submit the necessary transcript or affidavit to the trial court from the Magistrate's hearing, the scope of a trial court's review of the factual findings in a Magistrate's Decision report is limited to determining whether those findings are sufficient to support the Magistrate's ultimate factual *Page 5 
findings and the conclusions of law." Roberts v. Payton (1995),105 Ohio App.3d 597, 600.
 {¶ 21} "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * *, unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Ohio Civ.R. 53(D)(3)(b)(iv). See D.A.N. Joint Venture III, L.P. v. Armstrong, 11th Dist. No. 2006-L-089, 2007-Ohio-898, at ¶ 21.
 {¶ 22} An appellate court will only reverse the trial court's adoption of a magistrate's decision under such circumstances where "plain error" is demonstrated. "Plain error" is often construed to encompass "error[s] of law or other defect[s] evident on the face of the magistrate's decision," which prohibit the adoption of a magistrate's decision even in the absence of objections. Ohio Civ.R. 53(D)(4)(c); cf. In reClowtis, 11th Dist. Nos. 2006-L-042 and 2006-L-043, 2006-Ohio-6868, ¶ 13
(citations omitted).
 {¶ 23} The Magistrate, in her Decision, made the following Findings of Fact:
 {¶ 24} "7. The Magistrate finds that Mother complied with the court's order to provide counseling for the minor children upon their move to Missouri. The children are still in counseling and see the family doctor and/or a psychiatrist for medication that the children take regularly.
 {¶ 25} "8. The Magistrate finds that both children were on medication prior to living with Mother but that one child has now been diagnosed as bi-polar and her medication has changed. Both parties testified that they have seen some improvement in the child's behavior since the change in medication. *Page 6 
 {¶ 26} "9. Father expressed concern for the safety of the minor children due to the fact that Mother has had to call the police on several occasions because of Sarah's behavior. Mother testified that she was told to do so by Children's Services after Father had called to complain about Mother's disciplinary methods with the child. The Magistrate finds that Mother acted appropriately by calling the police when the minor child was out of control. The Magistrate further finds that there was no testimony that any of these issues have arisen since the child's medication has been changed.
 {¶ 27} "10. Mother admitted to having been the victim of domestic violence but the same was testified to in the hearing in March, 2005. Further she testified that she had also been a victim of domestic violence by Father which happened in front of the minor children. There was no testimony that there had been domestic violence by Mother's present husband since the children had moved to Missouri. In fact, the position of the children in the in camera was that the situation was improving. The Magistrate finds that while domestic violence is not to be condoned in any household, the children have been exposed to it in both households.
 {¶ 28} "11. Father, subsequent to this hearing, sent to the court, a copy of an entry from Municipal Court from 1995, which dismissed a charge of domestic violence against him. Mother was the complaining witness and was assessed cost. This Magistrate was the assistant-law director at the time and as such signed the entry. However, this Magistrate has no independent recollection of the parties or the incident, nor was the matter brought before the attention of the court prior to the *Page 7 
hearing. Further, the Magistrate finds the same to be an ex parte communication by a party and the same is not factored into this decision.
 {¶ 29} "12. Father submitted the children's grade cards for last year as evidence of a change of circumstance and that the children are doing poorly in school and missing a lot of school. However, he did not produce evidence of the girls grades the previous year here in Cambridge and testified that they are at least comparable to the girls last semester here, alleging that their grades had fallen because they were stressed over the court-ordered move.
 {¶ 30} "13. Mother testified that the girls missed lot of school because of the court-ordered counseling and that she has now found a counselor who is within 10 minutes of their residence and has appointment times after school.
 {¶ 31} "14 The Magistrate finds that a review of the grade cards show both girls ended the year with an A, 2 B's, 3 C's and a D. It further appears that both girls were promoted to the 8th grade. The Magistrate further finds that a mere showing of grade cards does not constitute poor academic progress as there is no comparison of the school districts, academic requirements or the increase in difficulty as the children progress in grade-level.
 {¶ 32} "15. Father further cites the posting of photographs of the minor children with their addresses on the internet. Mother testified that they did post a picture of the girls on the their [sic] website but only after Father's family asked why the girls weren't on the website with the pictures of Mother's other children and the family vacation. After Father expressed his concern the site was password protected. *Page 8 
 {¶ 33} "16. Father also testified that he was concerned that the children were unmonitored on the internet regarding chat rooms. However, Father was monitoring them, knew the password and the girls code names and failed to notify Mother in a timely manner. When Mother was notified, she took appropriate measures and canceled the chat room services."
 {¶ 34} * * *
 {¶ 35} "18. It is evident to this Court that in attempting to undermine Mother, Father is the one who has put the children at risk by having information and refusing to share it with Mother.
 {¶ 36} "19. Father also alleges that Mother has denied or hindered phone contact by either him or his family. Mother testified that she has told them not to call if they are going to leave inappropriate messages on the answering machine when the children are not there to take a call.
 {¶ 37} "20. The Magistrate finds that the strife between these parties did not start when the children went to live with Mother and that the same will only end when the parties are willing to truly take into account the best interest of the minor children. Father denies intentionally undermining Mother's relationship with the children or being argumentative; however, the Magistrate finds that Father cannot even sit and listen to the Magistrate making findings without attempting to interrupt or make his disagreement known in some fashion. Further, Mother testified that she had overheard Father tell Sarah to "give her (Mother) hell." *Page 9 
 {¶ 38} Upon review of the case sub judice, this Court finds that there are sufficient factual findings within the Magistrate's decision to support the conclusions of law.
 {¶ 39} Accordingly, we find that the trial court did not err or abuse its discretion in summarily overruling appellant's objections to the Magistrate's Decision.
 {¶ 40} Appellant's first assignment of error is overruled.
 II. {¶ 41} In his second assignment of error, Appellant argues that the trial court erred in failing to recuse the Magistrate in this case. We disagree.
 {¶ 42} The Magistrate in the case sub judice had previously served as an Assistant City Law Director for the City of Cambridge prior to her appointment in the Guernsey County Common Pleas Court. As an assistant prosecuting attorney, she was responsible for the prosecution of misdemeanor cases in Guernsey County. One such case involved the dismissal of criminal charges that had been filed against appellant which Magistrate Hollins signed on behalf of the State of Ohio.
 {¶ 43} This Entry was presented to the Magistrate, ex-parte, after the conclusion of the hearing. Appellant's counsel never filed a motion for recusal of Magistrate Hollins.
 {¶ 44} Upon review, we find that there was no evidence that Magistrate Hollins, as Assistant City Law Director, initiated or filed criminal charges against appellant.
 {¶ 45} Furthermore, in her Decision at Finding of Fact #11, Magistrate Hollins states that she has no independent recollection of these proceedings. *Page 10 
 {¶ 46} The removal of a magistrate is within the sound discretion of the judge who referred the matter to the magistrate and must be sought by a motion filed with the trial court. In re: Disqualification ofLight (1988) 36 Ohio St.3d 604; In re: Disqualification of Wilson (1996)77 Ohio St.3d 1250.
 {¶ 47} Based on the foregoing, we find no evidence that this previous episode with appellant had any affect upon her decision. Appellant has failed to demonstrate any bias or prejudice on the part of the Magistrate.
 {¶ 48} Appellant's second assignment of error is overruled.
 {¶ 49} For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
 Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1