[Cite as *Adams v. Adams*, 2018-Ohio-944.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WENDALL ADAMS | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DAWN ADAMS | : | Case No. 17 CAF 08 0061 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 14DRB 05 0236

JUDGMENT:      Affirmed in part,
Reversed in part

DATE OF JUDGMENT:      March 12, 2018

APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

DENNIS HORVATH      CHAD A. HEALD
ERIC M. BROWN      Heald Law
Wolinetz & Horvath, LLC      125 North Sandusky Street
250 Civic Center Drive, Suite 220      Delaware, Ohio 43015
Columbus, Ohio 43215

*Baldwin, J.*

**{¶1}** Wendell Adams**,** appellant, has appealed the trial court's decision to enforce a provision within a separation agreement made a part of a final divorce decree. The appellee is Dawn Adams.

### STATEMENT OF FACTS AND THE CASE

**{¶2}** The appellant and appellee began this case with a Petition for Dissolution of Marriage filed on May 20, 2014 with an attached separation agreement. On August 1, 2014, appellant filed a motion to convert the action for dissolution into a divorce action and that motion was granted. The appellant filed a complaint for divorce on August 6, 2014 and appellee filed an answer and counterclaim on September 10, 2014.

**{¶3}** On January 9, 2015, appellant filed a Motion to Set Aside the Separation Agreement and the trial court denied that motion on February 9, 2015. The parties executed and filed an Agreed Judgment Entry- Decree of Divorce on March 13, 2015 that incorporated the original separation agreement.

**{¶4}** On April 30, 2015 appellee filed a motion to cite appellant in contempt for failure to comply with Section 24, Paragraph 3 of the Separation Agreement which obligated appellant to make monthly payments of $1,866.91 to the parties' adult children's bank accounts.  Appellant moved to dismiss the motion on August 5, 2015 and appellee opposed that motion on August 26, 2015.  The motion to dismiss was denied on January 26, 2016 and a hearing was scheduled for April 15, 2016.

**{¶5}** The Magistrate conducted the hearing and found that the Separation Agreement did require the appellant to make monthly payments of $1,866.91 to the parties' adult children's bank accounts.  Appellant conceded at this hearing that he did

not make the payments. In a decision dated May 16, 2017, the Magistrate held appellant in contempt and sentenced him to 30 days in jail. To avoid the jail term, appellant could purge the contempt by paying $3000.00 in attorney fees, court costs, and a monthly payment of $950.00 toward past due payments owed to the parties' sons. The magistrate also awarded appellee judgment against appellant in the amount of $25,203.28, plus 4% interest from the date of the decision.

{¶6} Appellant filed objections to the magistrate's decision on May 30, 2017 arguing that: (1) the magistrate erred in finding Plaintiff in contempt for failure to make payment of $1,866.91 each month to his two adult sons; (2) the magistrate did not have jurisdiction over this matter because the children were emancipated; (3) the magistrate did not have the authority to provide support of or aid the adult children; (4) the Defendant was not a real party in interest; and (5) Ohio Revised Code Section 3105.10(B) is not applicable to this action. The objections were no more than single sentences as set out above with no argument or citation to the record in support. Appellee filed her response on June 2, 2017 and the transcript of the hearing was filed on June 28, 2017.

{¶7} The trial court considered and overruled the objections on July 31, 2017 and appellant filed a timely appeal. Appellant submits three assignments of error:

{¶8} I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT EXERCISED JURISDICTION TO ENFORCE "SECTION TWENTY-FOUR" OF THE PARTIES' *SEPARATION AGREEMENT*.

{¶9} II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN CONCLUDING THAT APPELLEE HAD STANDING TO PROSECUTE HER CONTEMPT MOTION AS A REAL PARTY IN INTEREST.

**{¶10}** III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN CONCLUDING THAT CASTLE IS APPLICABLE TO THIS CASE.

**{¶11}** Appellant's third assignment of error must be overruled for failure to comply with Civ.R. 53(D)(3)(b)(iv) which states:

> Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶12}** The magistrate incorporated *Castle v. Castle* into the Findings of Fact and Conclusions of law at paragraph 20.  Appellant's Objections are broad and non-specific and come perilously close to failing to fulfill the Civ.R. 53 requirement that the objections be specific and state grounds with particularity. We find sufficient grounds to consider appellant's first and second assignments of error.  However, appellant failed to object to the magistrate's application of the decision in *Castle*, so we find that appellant's third assignment of error has been waived. For that reason, we overrule the third assignment of error without further consideration and  consider the remaining two assignments.

## STANDARD OF REVIEW

**{¶13}** The appellant contends that the first and second assignments of error, asserting the trial court acted without jurisdiction and that the appellee did not have standing, should be reviewed under an abuse of discretion standard.  We have previously held that both assignments of error should be reviewed de novo and we find no reason

to modify those decisions. (Determining whether a trial court has subject matter jurisdiction is reviewed de novo. *Wells Fargo Bank, N.A. v. Elliot*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013–Ohio–3690, as cited in *Dotts v. Schaefer*, 5th Dist. Tuscarawas No. 2014 AP 03 0012, 2015-Ohio-781, ¶ 9; When an appellate court is presented with a standing issue, generally a question of law, it applies a de novo standard of review. See *Hicks v. Meadows*, 9th Dist. Summit No. 21245, 2003–Ohio–1473, citing *Cleveland Elec. Illum. Co. v. Pub. Util. Comm*. 76 Ohio St.3d 521, 523, 668 N.E.2d 889 (1996), as cited in *Shockley v. Hedges*, 5th Dist. Fairfield No. 05 CA 49, 2005-Ohio-6948, ¶ 8 Therefore, we will review the decisions of the trial court de novo.

{¶14} In the first assignment of error, appellant relies heavily on *Miller v. Miller*, 154 Ohio St. 530, 97 N.E.2d 213 (1951) for its holding that the trial court's jurisdiction to provide support or aid to a child ends after the child reaches the age of majority. The holding in *Miller* has been superseded by R.C. 3105.10(B)(1) to the extent that "[a] separation agreement providing for the support of children eighteen years of age or older is enforceable by the court of common pleas." *See Brady v. Brady*, 2nd Dist. Miami No. 15725, 1996 WL 285231, *4 ("In the present case, as was noted, the parties provided for support beyond the age of majority, which they were legally permitted to do."). The appellant and appellee entered into a separation agreement that provided for payment of certain sums by appellant despite the fact that the children were over the age of majority when the separation agreement was executed.

{¶15} While generally the trial court will not have jurisdiction to order child support after the children reach the age of majority,

'[a] well-established exception to the rule occurs when the parties have reached a separation agreement which provides for child support beyond the age of majority, and such agreement is incorporated in the divorce decree. Id. at 279-280 (citations omitted) (parenthetical material added). In the present case, as was noted, the parties provided for support beyond the age of majority, which they were legally permitted to do.

*Brady v. Brady*, 2nd Dist. Miami No. 15725, 1996 WL 285231, (May 31, 1996) *4

{¶16} We hold that the parents can agree to provide for support of children who are past the age of majority pursuant to the authority cited above and R.C. 3105.10 (B)(10). We now turn to the separation agreement to consider whether it provides for the adult children's support.

{¶17} The separation agreement contains the following relevant paragraphs in Section 24:

The parties acknowledge that they have two adult children, to wit: Zachary and Joshua. The parties agree to the following terms regarding their adult children:

1)    each will be responsible for one half of the tuition, room and board, books and travel (including vehicle) expenses for a four year undergraduate degree or technical/trade education program for both Zachary and Joshua in an amount equivalent to tuition, room and board, books and travel expenses at the Ohio State University. The parties agree that this obligation shall continue until such time as Zachary and/or Joshua have completed their degree/educational program or six years expires following their

commencement of college in the fall of 2013. Further, the parties agree that

if either Joshua or Zachary are dis-enrolled from college, the obligation to

pay shall cease until such time as they re-enroll in college.

2)      The parties agree that the wife's ½ of the tuition payment is satisfied

through her continued employment with Ohio State University.

3)      The parties agree that each month, husband shall deposit $1866.91

into the checking account for Joshua and Zachary held at Delaware County

Bank. Said payment shall be in 2 installments, the first of which is to be paid

by the first of the month and the 2nd is to be paid by the 15th of the month.

This obligation shall continue every month until September 2019.

**{¶18}** Appellant testified at the hearing on the motion to hold him in contempt that the payments required by paragraph 3 of section 24 were related to tuition only and that when his children were no longer enrolled in an educational program that qualified under paragraph 1 of section 24, he was no longer obligated to make a payment. Appellant has abandoned this argument and now contends "the agreement entered into by the parties was not for child support and was not for college expenses for the adult children. It was simply to put money into a bank account in the name of the two children." (Appellant's brief, page 5) Appellant acknowledges appellee's testimony that the payment required by paragraph 3 of section 24 was for food, clothing, car and healthcare (Appellant's brief, page 5) yet inexplicably contends this payment was not for support.

**{¶19}** The term "child support" must be broadly interpreted to include economic maintenance, education and necessities of life. *Loyd v. Loyd,* 6th Dist. Lucas No. L-92-156, 1993 WL 195794, (June 11, 1993)*4. Appellee testified that she calculated the

amount included in the Separation Agreement by considering the cost of "****food, gas, clothing, car upkeep, healthcare bills, dental***" (Transcript, page 45, lines 11-12) and appellant did not dispute appellee's description. Therefore, we conclude the payment is properly characterized as support because it provides for "maintenance" and "the necessities of life."

{¶20}     We hold that R.C. 3105.10(B)(1) does apply to this case, that the parties agreed to provide support to their adult children, that paragraph 3 of section 24 of the Separation Agreement provides for the support of the adult children, and that, therefore, the trial court had jurisdiction to enforce paragraph 3, section 24 of the separation agreement in a contempt action. *Leonard v. Leonard,* 12th Dist. Butler No. CA91-08-143, 1992 WL 201099, (Aug. 17, 1992) *3 *Compare Nokes v. Nokes (1976), 47 Ohio St.2d 1, 351 N.E.2d 174,* as cited in *Matter of Velleca*, 5th Dist. Tuscarawas No. 87-AP-12-0093, 1988 WL 82083, (July 25, 1988) *2  (The court, **absent provision in a separation agreement,** has no authority to order post majority support. R.C. 3105.10(B) (emphasis added)).

{¶21}  The first assignment of error is overruled.

{¶22}  Appellant contends in his second assignment of error that appellee had no standing to pursue an action to enforce Paragraph 3 of Section 24 of the Separation Agreement pertaining to the payments he was obligated to make to his children's bank account. His argument attempts to distinguish our holding in *Dotts v. Schaefer*, 5th Dist. Tuscarawas No. 2014 AP 06 0022, 20 15-0hio-782.  He claims the fact that the children in *Dotts* were minors, that the expenses being described were for college room board,

books and tuition and that the funds were not directly owed to the child make that holding inapplicable.

**{¶23}** In *Dotts* we held that "[t]he child is a third-party beneficiary to the agreement, while the parents are the parties to the agreement and therefore have standing to enforce the agreement." *Leonard v. Leonard,* 12th Dist. Butler No. CA91–08–143, 1992 WL 201099 (Aug.17, 1992). *Dotts supra at* ¶ 24. Appellee, as a party to the contract, may bring an action on the contract. Civ.R. 17(A); *Grant Thornton v. Windsor House, Inc.* 57 Ohio St.3d 158, 161, 566 N.E. 2d 1220 (1991), as cited in *Leonard v. Leonard,* 12th Dist. Butler No. CA91-08-143, 1992 WL 201099, (Aug. 17, 1992) *3.

**{¶24}** Our opinion in *Dotts* was not contingent upon the description of the benefits to be provided by the agreement, but only upon the status of the parents as parties to the agreement. In both cases, the appellant and appellee were parties to the agreement and the children were third party beneficiaries. While some facts described by appellant are different in the two cases, those differences are irrelevant to the conclusion to be drawn from the relevant facts.

**{¶25}** For the forgoing reasons, we find that the appellee was a party to the separation agreement and the divorce decree and had standing to enforce the terms of the separation agreement. The appellant's second assignment of error is overruled.

**{¶26}** We sua sponte consider the propriety and the legal basis for the award in the amount of $25,203.28, plus 4% in interest to appellee. The magistrate issued this award based upon the testimony of appellee and the accounting provided by appellee in Exhibit A, offered at the hearing on the contempt citation. The amounts listed on that exhibit clearly represent amounts due and payable to the bank accounts of the parties'

adult children and not to the appellee. This court has jurisdiction to consider this matter under the plain error doctrine.

> ***Implementation of the plain-error doctrine is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804 [7 O.O.3d 178], paragraph three of the syllabus. The plain-error doctrine permits correction of judicial proceedings when error is clearly apparent on the face of the record and is prejudicial to the appellant. *State v. Eiding* (1978), 57 Ohio App.2d 111, 385 N.E.2d 1332 [11 O.O.3d 113]. Although the plain-error doctrine is a principle applied almost exclusively in criminal cases, this court has stated that the doctrine may also be applied in civil causes, even if the party seeking invocation of the doctrine failed to object to the jury instruction in question, if the error complained of "would have a material adverse affect on the character and public confidence in judicial proceedings." *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 436 N.E.2d 1001 [24 O.O.3d 316]. See, also, *Yungwirth v. McAvoy* (1972), 32 Ohio St.2d 285, 288, 291 N.E.2d 739 [61 O.O.2d 504].

*Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223, 480 N.E.2d 802, 805 (1985)

**{¶27}** The error we identify is clearly evident on the record and it will have a material adverse affect on the character and public confidence in judicial proceedings and could be prejudicial to the appellant unless corrected. We are particularly concerned that the affected parties, the adult children of appellant and appellee, had no opportunity to object to the award and have no remedy. While the record does support a judgment against appellant in the amount of $25,203.28, plus 4% in interest, it does not support

awarding that sum to appellee. Presumably those payments should be directed to the accounts of the adult children as required by the relevant portions of the separation agreement, but we will leave that determination to the trial court on remand. For that reason, we reverse the decision of the Delaware County Court of Common Pleas with regard to the awarding of $25,203.28, plus 4% in interest to appellee and remand the matter to the trial court for further proceeding to insure this amount is awarded according to the requirements of the separation agreement.

{¶28} The decision of the Delaware County Court of Common Pleas is affirmed in part and reversed in part and remanded to the trial court for further proceedings consistent with this opinion. Costs assessed to appellant.

By: Baldwin, J.

John Wise, P.J. and

Delaney, J. concur.