[Cite as *Mott v. Morgan*, 2021-Ohio-3026.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| LOUIS R. MOTT, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| DONALD A. MORGAN DDS, | : | Case No. 21 CAG 02 0011 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Delaware Couty
Municipal Court, Case No. 20 CVF
00546


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      September 1, 2021


APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

LOUIS R. MOTT, Pro Se      GREGORY D. RANKIN
2510 Fishinger Rd.      MONICA L. WALLER
Columbus, Ohio 43221      Two Miranova Place, Ste. 220
     Columbus, Ohio 43215-7052

*Baldwin, J.*

{¶1}   Appellant, Louis R. Mott, appeals the decision of the Delaware County Municipal Court granting summary judgment in favor of the appellee, Donald R. Morgan, DDS.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Appellant, Louis R. Mott, sought treatment from Donald Morgan, DDS, appellee, for various dental problems beginning in August 2017 and continuing for several months thereafter.   They agree that several procedures were planned, but they have differing recollections regarding what treatment was provided and at what cost.   They agree that Mott stopped receiving treatment from Morgan, but Mott's characterization of the ending of the relationship is inconsistent.   The parties' disagreement regarding Mott's entitlement to a refund is the central dispute in this case.

{¶3}   Mott claims that Morgan agreed to provide dental services at a cost of $10,800.00, and that Morgan provided a limited amount of treatment.   Mott alleges that he terminated the relationship in June 2018 and requested a refund for services he claims were not provided. When a refund was not forthcoming, Mott filed a complaint for breach of contract and unjust enrichment.

{¶4}   Morgan answered and moved to dismiss based upon Mott's failure to file an affidavit of merit pursuant to Civ.R. 10(D)(2).   Mott responded with an affidavit in which he explained that "I am not claiming that the work actually performed by the Defendant was somehow done improperly, but am asking for a refund of the payments that were made in advance of the work actually being performed." (Affidavit of Merit, Jun. 17, 2020, p. 2, ¶ 9).   The magistrate denied the motion to dismiss on July 8, 2020 finding that "the

claim does not relate to any 'diagnosis, care, or treatment.' The standard of care for dental care is not an issue in this case. No affidavit of merit is required." (Journal Entry/Magistrate Order, July 8, 2020).

{¶5}    Morgan moved for summary judgment on October 19, 2020, and supported his motion with an affidavit detailing the treatment planned and the treatment provided, and that Mott did not return for further treatment after August 19, 2019. (Morgan Affidavit Paragraphs 11-12).  Morgan contended that he provided treatment to Mott that "included numerous examinations, teeth cleaning, x-rays, denture repairs, the fabrication and delivery of three new partial dentures, extraction of three teeth, bone grafts, two implants, and counseling" at a cost of $11,905.00. *Id.* at paragraphs 15, 18.

{¶6}    In response to the motion for summary judgment, Mott filed a document on November 17, 2020 claiming that he postponed treatment due to family finances and family health issues, contradicting the allegation in the complaint that he decided to terminate services.  In the filings after the complaint, Mott insisted he never terminated his treatment but merely postponed it, that he is entitled to a refund due to his family's situation and that the averments in the Morgan affidavit are false.

{¶7}    Mott expressly stated, in a clearly constructed affidavit, that he is not alleging that Morgan committed dental malpractice, but only breached a contractual agreement for dental services.  He also admitted that he had no complaints regarding the services that were provided. (Memorandum, July 7, 2020, ¶ 5.6).

{¶8}    We also note that the magistrate in the court below recognized that Mott, as a layperson, may not have an adequate understanding of legal procedures, especially in the context of a motion for summary judgment.  In an entry dated November 6, 2020 the

magistrate stated: "This is before the court on what appears to be plaintiff's unsworn *pro se* response on October 20, 2020, to defendant's motion for summary judgment. The court has previously cautioned the parties about the peril of proceeding in litigation without the benefit of counsel." (Journal Entry/Magistrate Order, Nov. 6, 2020). In a subsequent order, the magistrate warned Mott about the risks of proceeding without counsel:

> "Plaintiff's November 13 affidavit manifests a fundamental lack of understanding of the status of the case and nature of the limited facts at issue. **Proceeding without counsel is NOT RECOMMENDED. Procedural and substantive rules apply equally to each party regardless of whether one party, or the other, elects to retain counsel. Procedural and substantive errors can result in irreparable and unexpected consequences; proceeding without counsel often leads to unfavorable results. The court, clerk, and staff are not permitted to provide legal advice."** (Emphasis sic.)

(Journal Entry/Magistrate Order, Nov. 18, 2020, p. 1).

**{¶9}** Within the same order the magistrate reviewed the proceedings and emphasized the claim was limited to contract law issues raised by the facts and that "the nature or quality of services to be performed or already performed are not at issue", presumably in an attempt to redirect Mott's attention. *Id.*

**{¶10}** The magistrate considered the motion for summary judgment and the various filings opposing and supporting the motion and issued a decision on January 22, 2021.  The magistrate summarized the legal and factual status of the case on page 3 of the entry:

The parties agree that pursuant to an oral agreement, Plaintiff advanced $10,800 to Defendant in exchange for Defendant's promise to supply professional dental services and some related materials and supplies. Whereupon, the parties' entered upon a fully enforceable contract. That is, upon payment of Plaintiff's advance, the deal was done and all that remained was for Defendant to satisfy his promise to provide services. Whereupon, neither party was permitted to unilaterally cancel the agreement. See generally *Kostelnik v. Helper*, 96 Ohio St. 3d 1 (2002), *Ballinger v. Luers*, 12th Dist., CA 2003-04-053, 2004-9 Ohio-284.

**{¶11}** The magistrate concluded that whether Mott terminated or postponed the treatment, Morgan was not contractually obligated to return any of the funds paid in advance. The contract between the parties did not include a provision that permitted unilateral repudiation and a refund for services not required. Mott decided to act outside the parameters of the agreement when he decided to postpone or terminate the agreement and request a refund. The magistrate found that Morgan's actions did not comprise a breach of contract.

**{¶12}** The magistrate also found that because the relationship was controlled by an express agreement, the doctrine of unjust enrichment was inapplicable.

**{¶13}** The magistrate granted the motion for summary judgment and the trial court adopted the entry as a final order. A copy was served on all parties, but Mott did not file objections to the magistrate's decision pursuant to Civ.R. 53. Instead, Mott filed a notice of appeal with this court.

**{¶14}** Mott has not complied with the requirements of App.R. 16, so no clear assignment of error is included in his brief. We infer from his brief that he assigns as error the trial courts grant of summary judgment.

### ANALYSIS

**{¶15}** Mott is proceeding without the assistance of counsel, despite the dire warnings offered by the magistrate in the case below. We suspect Mott received assistance with initial filings in this case, but did not seek further assistance, perhaps due to financial constraints. While we may sympathize with his plight, we are prohibited from deviating from the law or Civil Rules to accommodate his lack of experience. As noted by the magistrate in the case below and confirmed by the Supreme Court of Ohio "pro se litigants * * * must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. " 'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio St.3d 651, 654, 763 N.E.2d 1238. "If the courts treat *pro se* litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel." *Justice v. Lutheran Social Services of Cent. Ohio*, 10th Dist. Franklin No. 92AP-1153, 1993 WL 112497, *2.

**{¶16}** Mott's lack of knowledge and experience regarding the Civil Rules led him to commit errors which resulted in the irreparable and unexpected consequences and the unfavorable results described in the magistrate's warning. Mott failed to comply with the

requirements of Civ.R. 53 and thereby forfeited his opportunity to have a full review of the proceedings in the court below.  And we may not ignore Mott's failure to comply with the Civil Rules because we "cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel." *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. Franklin No. 11AP-473, 2012-Ohio-467, ¶ 25.

{¶17} Mott was required to file objections to preserve issues for appeal by Civ.R.53.  Civil Rule 53(D)(3)(b)(i) requires any objection to be filed within fourteen days of the filing of the magistrate's decision and Civ.R. 53(D)(3)(b)(iv) describes the limitation imposed upon our review if no objection is filed:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶18} Mott did not object to any finding or conclusion as required by Civ.R. 53(D)(3)(b), so he may not claim that the court's adoption of any factual findings or legal conclusions regarding the summary judgment were erroneous and we may not consider them in review. We addressed this issue in the past and came to the same conclusion in *Kelley v. Holmes Cty. Sheriff's Dept.,* 5th Dist. Holmes No. 99 CA 4, 2000 WL 968522, *2, where appellant claimed that the granting of summary judgment was error.  In that case, we were "unable to address appellant's arguments in [the] Assignments of Error due to his failure to timely file objections to the magistrate's decision." The Tenth District Court of Appeals came to the same conclusion in *McLaughlin v. OhioHealth Corp.*, 10th

Dist. Franklin No. 02AP-492, 2002-Ohio-6836, *7 when it found that claimant's failure to file objections to magistrate's decision granting summary judgment to the opposing parties, waived appellate review of court's adoption of magistrate's decision.

**{¶19}** Though Mott did not object to the magistrate's decision, we have the discretion to consider whether the trial court committed plain error, sua sponte, but we use that discretion only in the most extreme circumstances. *Adams v. Adams*, 5th Dist. No. 17 CAF 08 0061, 2018-Ohio-944, 108 N.E.3d 615, ¶ 26.

**{¶20}** Plain error is often construed to encompass "error[s] of law or other defect[s] evident on the face of the magistrate's decision," which prohibit the adoption of a magistrate's decision even in the absence of objections. Ohio Civ.R. 53(D)(4)(c). *McConkey v. Roberts,* 5th Dist. Guernsey No. 06 CA 35, 2007-Ohio-6102, ¶ 22. "[T]he plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099 (1997).

**{¶21}** Mott does not claim the trial court committed a plain error and, upon review of the record, we find a sua sponte invocation of the doctrine of plain error unwarranted in the case sub judice. The dispositive issue in the case below was whether the terms of the agreement between the parties entitled Mott to receive a refund when he decided to terminate or postpone further treatment. Mott assumed the law requires a refund without supplying legal authority to support his position, perhaps relying on his experience as a practicing dentist. Mott's failure to address the issue before the trial court and the lack of

legal authority in the record for his position he was due a refund from Morgan was recognized by the magistrate. The magistrate identified the legal issues, analyzed the record and issued a decision, and we cannot find errors of law or other defects evident on the face of that decision which would prohibit its adoption even in the absence of an objection.

{¶22} Mott's appeal is denied and the decision of the Delaware County Municipal Court is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Hoffman, J. concur.