[Cite as *In re Guardianship of Babcock*, 2025-Ohio-5315.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF ARNOLD OSCAR BABCOCK, JR. | Case No. 2025CA00047<br><br>Opinion And Judgment Entry<br><br>Appeal from the Stark County Court of Common Pleas, Probate Division, Case No. 252016<br><br>Judgment: Affirmed<br><br>Date of Judgment Entry: November 25, 2025 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** ARNOLD OSCAR BABCOCK, JR., PRO SE, Appellant.

OPINION

*Montgomery, J.*

## STATEMENT OF THE FACTS

{¶1}    Arnold Babcock, Sr. (hereinafter "Arnold Sr.") filed an application to become guardian of the person and estate of Arnold Babcock, Jr. (hereinafter "Arnold Jr.") in the Stark County Court of Common Pleas, Probate Division, on March 31, 2025.

{¶2}    Arnold Sr. is the father of Arnold Jr.

{¶3}    A Statement of Expert Evaluation was filed with the application. Dr. Michael Carlisle, D.O., opined that Arnold Jr. is mentally impaired due to a diagnosis of severe schizophrenia. The evaluation also expressed that Arnold Jr. is not capable of caring for his activities of daily living or making decisions concerning medical treatments, living

arrangements and diets. Dr. Carlisle also found that Arnold Jr. is not capable of managing his individual finances and property. Dr. Carlisle recommended that guardianship be established for Arnold Jr.

**{¶4}** A guardianship hearing was scheduled for April 29, 2025.

**{¶5}** A Notice to Prospective Ward of Application and Hearing was personally served on Arnold Jr. by Stark County court investigator, Jennifer M. Granger on April 15, 2025.

**{¶6}** The notice stated that Arnold Jr. had the right to be present at the hearing, the right to an independent expert evaluation and the right to have counsel.

**{¶7}** Arnold Jr. filed a written request to attend the hearing that was filed with the trial court on April 16, 2025. Arnold Jr. did not request an independent expert evaluation, or a court appointed attorney.

**{¶8}** A hearing was held on April 29, 2025, wherein both Arnold Jr. and Arnold Sr. were in attendance.

**{¶9}** The magistrate issued a Magistrate's Decision and Order finding, "[t]he proposed ward is incompetent and is mentally impaired." The magistrate's decision further states, "[h]e is incapable of taking proper care of himself or his property." *Magistrate's Decision and Order*, p. 2.

**{¶10}** A Nunc Pro Tunc Magistrate's Decision and Order was filed on April 30, 2025, that recommended Arnold Sr.  be appointed the guardian of the person and estate of Arnold Jr.

**{¶11}** A Judgment Entry was filed in the probate court on April 30, 2025. The probate court found, "Upon careful and independent examination and analysis of the

magistrate's findings, the Court finds the findings of the magistrate are sufficient for the Court to make an independent analysis of the issue and to apply appropriate rules of law in reaching a judgment. Therefore, the Court adopts the decision and order, and approves the same, unless specifically modified or vacated, and enters the same as a matter of record, and includes same as the Court's findings and judgment herein. The Court further finds that there is no error of law or other defect on the face of the decision." *Judgment Entry*, April 30, 2025.

{¶12} Arnold Jr. appealed the probate court's decision and asserts the following errors:

"I.    DUE TO HOSPITALIZATION, THE APPELLANT WAS UNABLE TO SECURE ANY LEGAL REPRESENTATION FOR THE 04/29/2025 GUARDIANSHIP HEARING, AND THUS WAS UNABLE TO PRESENT AN APPROPRIATE DEFENSE TO THE STATEMENT OF EXPERT EVALUATION CONTENDING THE NEED FOR GUARDIANSHIP."

"II.    ARNOLD BABCOCK SR. MISREPRESENTED HIS OWN PERSONAL CHALLENGES AND DEFICIENCIES (INCLUDING STRUGGLES WITH ALCOHOL AND A HISTORY OF CHILD ABUSE)."

"III.    ARNOLD BABCOCK SR. HAS LITTLE INTEREST IN HIS SON'S CARE AND WELL BEING, BUT HAS A KEEN INTEREST IN GAINING CONTROL OF APPELLANT'S SAVING AND ASSTS [SIC]."

"IV.    FOR THE 04/29/2025 GUARDIANSHIP HEARING, THE COURT HAD A ONE-SIDED UNDERSTANDING OF THE APPELLANT'S PERSONAL AND EMPLOYMENT HISTORY, ALL OF WHICH ATTEST TO HIS SUCCESS AND STABILITY AS A PRODUCTIVE CITIZEN AND MATURE ADULT."

"V.    THE 04/29/2025 [SIC] WAS RUSHED AND DOMINATED BY AN OVERBEARING, MISLEADING AND SENSATIONAL TESTIMONY BY ARNOLD BABCOCK, SR."

## ANALYSIS

{¶13} The Application for Appointment of Guardian of Alleged Incompetent filed by Arnold Sr. in the Stark County Court of Common Pleas, Probate Division, was heard

by a magistrate on April 29, 2025. The magistrate filed a Magistrate's Decision and Order on April 29, 2025, and a Nunc Pro Tunc Magistrate's Decision and Order on April 30, 2025. A Judgment Entry adopting the magistrate's Nunc Pro Tunc Magistrate's Decision and Order was filed in the probate court on April 30, 2025.

{¶14} Ohio Civ.R. 53(D) governs court proceedings in matters that are referred to magistrates. Civ.R. 53(D)(b) allows a party who disagrees with a magistrate's findings, conclusions or decision the opportunity to file objections with the trial court. Ohio Civ.R. 53(D)(3)(b)(iv) states, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶15} Arnold Jr. has neither filed objections to the Magistrate's Decision and Order nor asserted a claim of plain error in his brief. Arnold Jr. has also failed to file a transcript of the hearing held in the probate court on April 29, 2025.

{¶16} Even though Arnold Jr. did not assert a claim of plain error in his brief, this Court has found that we may *sua sponte* review the trial court's proceedings to consider whether it committed plain error. "This court has jurisdiction to consider this matter under the plain error doctrine." *Adams v. Adams*, 2018-Ohio-944, ¶26 (5th Dist.).

{¶17} "An appellate court will only reverse the trial court's adoption of a magistrate's decision under such circumstances where 'plain error' is demonstrated. 'Plain error' is often construed to encompass 'error[s] of law or other defect[s] evident on the face of the magistrate's decision,' which prohibit the adoption of a magistrate's

decision even in the absence of objections." *McConkey v. Roberts*, 2007-Ohio-6102, ¶ 22 (5th Dist.), citing *In re Clowtis,* 2006-Ohio-6868, p. 13 (11th Dist.).

{¶18} This Court has reviewed the Nunc Pro Tunc Magistrate's Decision and Order filed in the probate court on April 30, 2025. Since no transcript of the proceedings was filed with this Court, we can only review the face of said decision and order. After reviewing said decision and order, this Court finds no error of law or other defect.

{¶19} This Court has also reviewed the Judgment Entry adopting the magistrate's decision and finds no error of law or defect.

## CONCLUSION

{¶20} Since Arnold Jr. has failed to object to the magistrate's decision and order pursuant to Civ.R. 53(D)(3)(b), he may not assign as error the probate court's adoption of the magistrate's factual findings. Therefore, this Court overrules Arnold Jr.'s assignments of error I, II, III, IV and V.

{¶21} The Judgment Entry filed on April 30, 2025, adopting the Nunc Pro Tunc Magistrate's Decision and Order filed on the same day in the Stark County Court of Common Pleas, Probate Division, is hereby affirmed.

{¶22} Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

Popham, J. concur.