[Cite as *In re Estate of Moritz v. Ohio State Univ.*, 2020-Ohio-5012.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF MICHAEL E. MORITZ, DECEASED | JUDGES: Hon. William B. Hoffman, P.J. Hon. Patricia A. Delaney, J. |
| JEFFREY MORITZ | Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 19 CAF 11 0060 |
| THE OHIO STATE UNIVERSITY AND STATE OF OHIO, EX REL. OHIO ATTORNEY GENERAL, DAVE YOST | O P I N I O N |
| Defendants-Appellees | |

CHARACTER OF PROCEEDINGS:    Appeal from the Delaware County
                             Probate Court, Case No. 00202161 PES

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      October 20, 2020

APPEARANCES:

For Plaintiff-Appellant

MARK R. REITZ
Kegler Brown Hill & Ritter Co., LPA
65 East State Street, Suite 1800
Columbus, Ohio  43215

DAVID MARBURGER
Marburger Law LLC
14700 Detroit Avenue, Suite One
Cleveland, Ohio  44107

For Defendants-Appellees The Ohio
State University

JOHN J. KULEWICZ
JOHN R. FURNISS, III
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio  43216-1008

For Defendants-Appellees State of
Ohio, ex rel. Dave Yost, Ohio Attorney
General

TODD K. DEBOE
MATTHEW L. JALANDONI
Assistant Attorneys General
Charitable law Section
150 East Gay Street, 23rd Floor
Columbus, Ohio  43215

For Amicus Curiae, American Council
Of Trustees and Alumni

TERRENCE P. MCHUGH
Terrence P. McHugh, LLC
14700 Detroit Avenue, Suite Two
Cleveland, Ohio  44107

For Amicus Curiae

ANDRAS KOSARAS
Arnold & Porter Kaye Scholer, LLP
601 Massachusetts Avenue, N.W.
Washington, DC  20001-3743

*Hoffman, P.J.*

**{¶1}** Applicant-appellant Jeffrey Moritz appeals the October 22, 2019 Judgment Entry entered by the Delaware County Court of Common Pleas, Probate Division, which overruled his objections to the magistrate's two August 14, 2018 decisions, and approved and adopted said decisions as order of the court. Appellees are The Ohio State University ("OSU") and the Ohio Attorney General ("Ohio AG").

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant is an adult son of Michael E. Moritz ("Decedent"). Decedent was a summa cum laude graduate of The Ohio State University College of Law. He went on to a successful legal career and also served as a director of The Ohio State University Foundation, beginning in 1990. On June 7, 2001, Decedent executed a document entitled "Gift Agreement" with OSU. Pursuant to the Gift Agreement, Decedent contributed "the sum of $30,000,000 to provide funds for a gift to The Ohio State University and the University's College of Law."

**{¶3}** The Gift Agreement specifically provided:

(a) $10,000,000 will be used to create and name four Endowed Faculty Chairs in the College of Law at $2,500,000 each.

(b) $9,800,000 will be used to create a Merit Scholars Program which will provide full tuition and a stipend to 30 students in the College of Law. (Approximately ten outstanding students in each of the three classes).

(c) $10,000,000 will be used to create an unrestricted endowed Dean's Fund for Innovation and Excellence.

(d) $120,000 will be used to endow leadership awards for one student in each of the three classes.

{¶4} As part of the Gift Agreement, OSU agreed to name, establish, and maintain in perpetuity several professorship chairs, a Dean's Fund for Excellence, and a merit scholarship and awards program named after Decedent. Decedent, the Dean of the College of Law, the President and Provost of OSU, and the President of The Ohio State University Foundation executed the Gift Agreement. Decedent transferred over $30.3 million in Cardinal Health Inc. common stock to complete the gift on June 26, 2001. Thereafter, in accordance with the terms of the Gift Agreement, OSU established the Moritz endowment and renamed the law school "The Michael E. Moritz College of Law".

{¶5} Decedent died on March 5, 2002, as the result of injuries he sustained in a motor vehicle accident. Ivor H. Young administered Decedent's Estate as the Executor from the date of his appointment on April 1, 2002, through the settlement of the final account on January 30, 2008. The Estate was briefly reopened on August 4, 2015, to administer nominal newly discovered unclaimed funds held by the State of Ohio, and reclosed on November 25, 2015.[1]

{¶6} In early 2016, after reviewing financial records, Appellant discovered OSU was spending the endowment money in ways he believed violated the terms of the Gift Agreement. Specifically, Appellant learned the $30.3 million gift Decedent gave to OSU in 2001, had shrunk by $8.4 million over the years to $21.9 million, a decline of 28%. On August 31, 2017, Appellant applied to the probate court to reopen the Estate and be

---

[1] Appellant administered the Estate as Ivor Young had passed away.

appointed administrator.   In his statement in support of his application to reopen, Appellant explained he "wishes to take certain steps to ensure that the university has fully complied with its obligations under the written agreement." August 31, 2017 Statement in Support.   Appellant added, "Contemplated actions include investigating and negotiating compliance with the agreement, and might include commencement of an action seeking to enforce the decedent's agreement through the Office of the Ohio Attorney General or otherwise." *Id.*

{¶7}   The magistrate scheduled a hearing on Appellant's application for October 6, 2017.  September 6, 2017 Judgment Entry.  The magistrate sent notice of the hearing to OSU and the Ohio AG.  OSU filed a memorandum contra Appellant's application to reopen on October 6, 2017, to which Appellant filed a response on October 31, 2017, to which OSU replied on November 13, 2017.   The Ohio AG filed a brief objecting to Appellant's application on November 13, 2017.  Also, on November 13, 2017, Appellant filed a motion for order declaring party or nonparty status of OSU and the Ohio AG.  The Ohio AG and OSU filed responses to Appellant's motion concerning their party status on December 4, 2017, and December 8, 2017, respectively. The Ohio AG asserted he was a necessary party pursuant to R.C. 109.25(A)-(D).  OSU maintained it had a direct and vital interest in the outcome of the matter and, as such, should be recognized as "already a party to this proceeding." The Ohio State University's Memorandum in Response filed December 8, 2017 at 5.  Both the Ohio AG and OSU advised the trial court they would seek to intervene if not recognized as parties.

{¶8}   The magistrate issued two decisions on August 14, 2018.  The magistrate concluded "it should be declared that The Attorney General of the State of Ohio and The

Ohio State University/The Ohio State University Development Fund are, and have been, since September 6, 2017 parties to these reopening proceedings, their status as parties should be ratified." August 14, 2018 Magistrate's Decision (Declaring Party Status of Attorney General and The Ohio State University) at 3, unpaginated. In a separate decision dated August 14, 2018, the magistrate concluded Appellant's application to reopen and appoint fiduciary should be denied. Appellant filed objections to the magistrate's decision.

{¶9} Via Judgment Entry filed October 22, 2019, the probate court overruled Appellant's objections, and approved and adopted the magistrate's decisions as orders of the court. The probate court found Appellant failed to show good cause for reopening the Estate. The probate court noted the gift was completed during Decedent's lifetime and was not part of the Estate. The court probate added the Gift Agreement did "not retain any right to oversight or enforcement for the donor, his heirs, fiduciary or any other personal representative." October 22, 2019 Judgment Entry at 6. The probate court further found the Ohio AG had the sole power to investigate and enforce the performance of charitable trusts pursuant to R.C. 109.24.

{¶10} It is from the October 22, 2019 Judgment Entry Appellant appeals, raising the following assignments of error:

> I. THIS COURT SHOULD REVERSE THE JUDGMENT BELOW BECAUSE IT ERRED AS A MATTER OF LAW IN RULING THAT APPELLEE OHIO STATE UNIVERSITY IS A PARTY TO THESE PROCEEDINGS.

II. THIS COURT SHOULD REVERSE THE JUDGMENT BELOW BECAUSE IT ERRED AS A MATTER OF LAW IN RULING THAT APPELLEE STATE OF OHIO THROUGH THE ATTORNEY GENERAL IS A PARTY TO THESE PROCEEDINGS.

III. THIS COURT SHOULD REVERSE THE JUDGMENT BELOW IN DENYING APPELLANT JEFFREY MORITZ'S APPLICATION TO REOPEN THE MICHAEL MORITZ ESTATE BECAUSE THE JUDGMENT RESTS ENTIRELY ON CONCLUSIONS OF LAW THAT ARE NOT YET JUSTICIABLE, AND SHOULD BE VACATED AS SUCH.

IV. THIS COURT SHOULD REVERSE THE JUDGMENT BELOW IN DENYING APPELLANT MORITZ'S APPLICATION TO REOPEN THE MICHAEL MORITZ ESTATE BECAUSE THE COURT BELOW FAILED TO APPLY THE CORRECT LEGAL STANDARD FOR GOOD CAUSE AND BECAUSE JEFFREY MORITZ HAS SATISFIED THE CORRECT LEGAL STANDARD.

III, IV

**{¶11}** For ease of discussion, we choose to address Appellant's assignments of error out of order. In his third assignment of error, Appellant maintains the trial court committed reversible error in denying his application to reopen Decedent's Estate because the decision rests entirely on conclusions of law which are not yet justiciable. In his fourth assignment of error, Appellant contends the trial court committed reversible error in denying his application to reopen Decedent's Estate as the trial court failed to

apply the correct legal standard for good cause and Appellant satisfied the correct legal standard.

**{¶12}** An order of the probate court approving and settling a fiduciary's final account has the effect of a final judgment, which can only be vacated under the limited procedures set forth in R.C. 2109.35. *In re Stropky*, 5th Dist. Stark App. No. 2018CA00055, 2018-Ohio-5371, para. 14, citing *In re Guardianship of Skrzyniecki*, 118 Ohio App.3d 67, 691 N.E.2d 1105 (1997).

**{¶13}** R.C. 2109.35 provides, in pertinent part:

The order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment and may be vacated only as follows: * * *

(B) The order may be vacated for good cause shown, other than fraud, upon motion of any person affected by the order who was not a party to the proceeding in which the order was made and who had no knowledge of the proceeding in time to appear in it; provided that, if the account settled by the order is included and specified in the notice to that person of the proceeding in which a subsequent account is settled, the right of that person to vacate the order shall terminate upon the settlement of the subsequent account. A person affected by an order settling an account shall be considered to have been a party to the proceeding in which the order was made if that person was served with notice of the hearing on the account in accordance with section 2109.33 of the Revised Code, waived that notice,

consented to the approval of the account, filed exceptions to the account,

or is bound by section 2109.34 of the Revised Code * * *

* * *

An order settling an account shall not be vacated unless the court

determines that there is good cause for doing so, and the burden of proving

good cause shall be upon the complaining party.

**{¶14}** The decision of whether to grant a motion pursuant to R.C. 2109.35 is within the sound discretion of a probate court and will not be disturbed absent an abuse of discretion. *Id.*, citing *In re Estate of Smith*, 3rd Dist. Seneca No. 13-02-37, 2003-Ohio-1910. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 975 (1983).

**{¶15}** In his Statement in Support of Application to Reopen Estate and Appoint Fiduciary, Appellant explained the purpose of the reopening as follows:

In June, 2001, less than a year before he was killed in a car accident,

the above referenced decedent, Michael E. Moritz, donated to the Ohio

State University, common stock valued at $30 Million. The donation was

made under a formal agreement which specified exactly how the recipient

university was to use the gift. On behalf of the Estate of Michael E. Moritz,

the Applicant Jeffrey Moritz, wishes to take certain steps to ensure that the

university has fully complied with its obligations under the written

agreement. Contemplated actions include investigating and negotiating compliance with the agreement, and might include commencement of an action seeking to enforce the decedent's agreement through the Office of the Ohio Attorney General or otherwise. Since the Applicant is only seeking compliance with the previously negotiated gift agreement, it is respectfully requested that any requirement of bond be dispensed.

{¶16} Appellant's intent is clear. He wishes to determine whether OSU "fully complied with its obligations" under the Gift Agreement and enforce those obligations if need be; he does not seek to reopen Decedent's Estate to distribute an asset belonging to the Estate. See, generally, *In re: Estate of Kahn*, 5th Dist. Guernsey App. No. No. 13–CA–33, 2014-Ohio-4721. As the trial court found:

The generous gift that is the subject of [Appellant's] complaints was *inter vivos* and complete before Michael Mortiz's untimely death. It was not any part of the estate. The court is **unaware of any power that the fiduciary of an estate possesses to rescind, modify or enforce a charitable gift completed during the life of the decedent that is not afforded to any person under ORC 109.24 or other statute.** Also, Michael Moritz was an intelligent, educated, sophisticated lawyer and business person. The court presumes he knew the nuances of this transaction and his desires for his gift and its uses better than anyone.

**{¶17}** October 22, 2019 Judgment Entry at 5-6 (Emphasis added).

**{¶18}** The trial court added:

The *inter vivos* gift of Michael Moritz did not retain any right to oversight or enforcement for the donor, his heirs, fiduciary or any other personal representative. The Gift Agreement that originated the gift showed that it was complete and final upon the delivery of the appropriate funds or property. Unless a donor specifically reserves such a right of enforcement or oversight, the donor does not have any particular or greater right to enforce the terms of the charitable gift. (Citation omitted.) *Id.* at 6.

**{¶19}** The Ohio AG has exclusive authority pursuant to R.C. 109.24 to enforce the terms of charitable trusts. R.C. 109.24 provides, in pertinent part:

The attorney general may investigate transactions and relationships of trustees of a charitable trust for the purpose of determining whether the property held for charitable * * * purposes has been and is being properly administered in accordance with fiduciary principles as established by the courts and statutes of this state. The attorney general is empowered to require the production of any books or papers which are relevant to the inquiry.

**{¶20}** We find the Ohio AG has exclusive authority to enforce the terms of the Gift Agreement; therefore, it was not necessary for the probate court to reopen the Estate. Even if the probate court reopened the Estate, Appellant as the fiduciary would not have the authority under the law to enforce compliance with the obligations under the Gift Agreement. Further, the issue of whether OSU met its obligations under the Gift Agreement is a determination to be made exclusively by the Ohio AG.

**{¶21}** Appellant spends much of his Brief to this Court arguing the Gift Agreement was actually a contractual commitment between Decedent and OSU and not a "gift". We find the probate court correctly found the issue was not yet justiciable. As Appellant himself quoted in his brief to this court, we are bound by "the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more." *State ex rel. LetOhioVote.org v. Brunner,* 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶ 51, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Adm.* (C.A.D.C.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in judgment) (Internal quotations omitted). Again, such is a determination for the Ohio AG to pursue.

**{¶22}** Because Appellant failed to meet his burden of proving good cause to reopen the Estate, it was not necessary for the probate court to do so.

**{¶23}** Based upon the foregoing, we find the probate court did not abuse its discretion in denying Appellant's application to reopen Decedent's Estate.

**{¶24}** Appellant's third and fourth assignments of error are overruled.

I, II

{¶25} Based upon our disposition of Appellant's third and fourth assignments of error, we find Appellant's first and second assignments of error to be moot under the two-issue rule.

{¶26} The judgment of the Delaware County Court of Common Pleas, Probate Division, is affirmed.


By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur