[Cite as *Johnstown v. Smith*, 2024-Ohio-5128.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CITY OF JOHNSTOWN, ET AL., | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2024 CA 00045 |
| ROGER W. SMITH, TRUSTEE OF<br>OF THE TRUST CREATED UNDER<br>ITEM 14 OF THE LAST WILL AND<br>TESTAMENT OF PERRY LESTER<br>MILES, ET AL. | |
|     Defendants-Appellees | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Probate Division, Case No. 19750734A |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 24, 2024 |
| APPEARANCES: | |

For Plaintiff-Appellants

W. SCOTT HAYES
195 E. Broad Street
P.O. Box 958
Pataskala, Ohio 43062

For Ohio Attorney General

LIZA DIETRICH, ESQ.
Associate Assistant Attorneys General
Charitable Law Section
30 E. Broad Street, 25th Floor
Columbus, Ohio 43215-3130

For Defendant-Appellees

PETER N. GRIGGS, ESQ.
JENNIFER HUBER, ESQ.
Brosius, Johnson & Griggs, LLC
1600 Dublin Road, Suite 100
Columbus, Ohio 43215

*Hoffman, J.*

{¶1}   Appellants City of Johnstown and Johnstown-Monroe School District appeal the judgment entered by the Licking County Common Pleas Court, Probate Division, dismissing their complaint seeking declaratory judgment.  Appellees are Roger W. Smith, Trustee, and Ohio Attorney General David Yost.

STATEMENT OF THE FACTS AND CASE

{¶2}   Brigadier General Perry L. Miles died in 1961, and his last will and testament was admitted to the Licking County Probate Court.  Item 14 of the will created a charitable trust (hereinafter "Trust"), which owns 168.06 acres of undeveloped land in Licking County.  The Trust owns approximately $1,290,000.00 in other assets.  In pertinent part, the Trust provides:

> It is my wish and desire that upon the termination of the life estates hereinbefore provided, that my farm, residences, buildings, furnishings, and personal effects, books and antiques be kept and maintained as the Longwell and Miles Memorial Estate for the purpose of Religious, Educational and Recreational good and benefit to the residents of Johnstown Village, Liberty Township and surrounding community.  To provide for the safe keeping of items of historical value to the community, to provide a gathering place for groups interested in the betterment of mankind through religion and education study; and to provide suitable environment for picnics, camping and recreation areas, for the youth of the community.

The management and control of said trust shall be vested in my said trustee, or his successor, together with the individual person that holds the position of President of The Johnstown Bank, the President of The Johnstown Federal Savings and Loan Association, the Mayor of the Village of Johnstown, Licking County, Ohio, and the President of the Township Trustees of Liberty Township, Licking County, Ohio, which shall be designated and known as the Longwell and Miles Memorial Estate Body.

Said Management Body shall have full and complete control of all of said trust property and shall make such rules and regulations as are deemed necessary for proper functioning of the trust and its purposes. The judgment of the Management Body shall be complete and final as to any matters that concern the use and purpose for which the trust is created. Said Management Body shall have the power and authority to carry on farming or other income producing activity that in their judgment may become necessary for the maintenance and operation of the Longwell and Miles Memorial Estate. I also authorize said management body, should it become necessary to properly maintain the trust property or to carry out the purpose of the trust, to borrow money and as security to pledge such assets as may be necessary, real or personal.

In all cases in which said Management Body is required to do an act, the majority of them shall govern and the acts of such majority shall be binding upon the trust estate and upon all persons whomsoever.

**{¶3}** Since 2010, the Trustee has been required to file status reports with the trial court every six months to allow the court to monitor the Trust's activities. In August of 2022, the Trustee filed an application with the trial court seeking permission to terminate the Trust, and distribute the Trust's assets to the Licking Park District to fund the development of a memorial park, and to the Licking County Foundation to fund scholarships for local schools. The application included a resolution approving the proposal signed by three members of the Management Body, including the trustee. The president of the Liberty Township Trustees did not sign the resolution, but filed a memorandum stating he did not object to the proposal, provided any funds given to the park district were specifically earmarked for the General Miles Memorial Park.

**{¶4}** Appellants City of Johnstown and Johnstown-Monroe School District, along with the Greater Johnstown Parks District[1] (hereinafter "Johnstown Contingent") filed a motion to intervene. The Johnstown Contingent also filed a complaint for declaratory judgment.

**{¶5}** The Ohio Attorney General (hereinafter "OAG") filed a motion to intervene, a response in opposition to the Johnstown Contingent's motion to intervene, and a motion to dismiss the Johnstown Contingent's complaint for declaratory judgment. On April 18, 2024, the trial court granted the motion of the OAG to intervene, and denied the Johnstown Contingent's motion to intervene, finding they lacked standing to intervene. Appellants appeal this judgment in App. Case No. 24 CA 00046. On the same day by separate judgment entry, the trial court dismissed the Johnstown Contingent's declaratory

---

[1] The Johnstown Parks and Recreation District has not appealed the decisions of the trial court.

judgment action based on lack of standing.  Appellants appealed this judgment in App. Case No. 24 CA 00045.

{¶6}    Although the cases have not been consolidated by this Court, Appellants filed a single brief including both case numbers, and assignments of error related to both appeals.  It is from the April 18, 2024 judgments of the trial court Appellants prosecute their appeals, assigning as error:

I. THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ALLOW THE JOHNSTOWN CONTINGENT TO INTERVENE IN THE MATTER OF THE PERRY L. MILES TESTAMENTARY TRUST.

II. THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED THE COMPLAINT OF THE JOHNSTOWN CONTINGENT.

I.

{¶7}    In their first assignment of error, Appellants argue the trial court erred in overruling their motion to intervene.  This assignment relates solely to the judgment appealed in Case No. 24 CA 00046, and will be addressed by separate opinion issued in that case.

II.

{¶8}    In their second assignment of error, Appellants argue the trial court erred in dismissing their complaint for declaratory judgment on the basis they lacked standing.

{¶9}    "Standing" is defined as a "'party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 27, *quoting Black's Law Dictionary* (8th Ed. 2004).  "When an appellate court is presented with a standing issue, generally a question of law, it applies a de novo standard of review." *Adams v. Adams,* 2018-Ohio-944, ¶ 13 (5th Dist.).

{¶10} R.C. 109.24 provides in pertinent part:

> The attorney general may investigate transactions and relationships of trustees of a charitable trust for the purpose of determining whether the property held for charitable, religious, or educational purposes has been and is being properly administered in accordance with fiduciary principles as established by the courts and statutes of this state.

> The attorney general shall institute and prosecute a proper action to enforce the performance of any charitable trust, and to restrain the abuse of it whenever he considers such action advisable or if directed to do so by the governor, the supreme court, the general assembly, or either house of the general assembly. Such action may be brought in his own name, on behalf of the state, or in the name of a beneficiary of the trust, in the court of common pleas of any county in which the trust property or any part of it is situated or invested, or in which the trustee resides; provided that in the case of a charitable trust created by, arising as a result of, or funded by a will, such action may be brought in either the court of common pleas of any such county, or the probate division of it, at the election of the attorney

general. No such action shall abate or discontinue by virtue of the discontinuance in office of the attorney general in whose name such actions may be brought. This section is intended to allow the attorney general full discretion concerning the manner in which the action is to be prosecuted, including the authority to settle an action when he considers that advisable.

{¶11} This Court has previously held pursuant to this statute, the Ohio Attorney General has exclusive authority to enforce charitable trusts. "Permitting possible beneficiaries to have separate counsel besides the Attorney General and to institute their own actions to enforce charitable trusts might unduly burden trustees and compromise the best interest of the beneficiaries." *State ex rel. Lee v. Montgomery,* 88 Ohio St.3d 233, 236, (2000). Because the enforcement of a charitable trust is done in the interest of the general public, the attorney general is the proper party to prosecute the claim. *Plant v. Upper Valley Med. Ctr., Inc.,* 1996 WL 185341, *3 (2nd Dist. April 19, 1996).

{¶12} Appellants argue the OAG's representation is inadequate to protect their interests in the trust due to the efforts of the OAG to prohibit their participation in the case. However, we find the OAG's efforts to prevent Appellants from usurping his statutory role does not demonstrate he will not fairly and adequately represent the interests of Appellants as possible beneficiaries of the case.

{¶13} In *Plant, supra,* the Second District Court of Appeals held under narrow circumstances, a party other than the OAG may bring an action to enforce the trust. Citing the Second Restatement of the Law of Trusts 2d 278, Section 391, the court held, "A suit can be maintained for the enforcement of a charitable trust by the Attorney General or

other public officer, or by a co-trustee, or by a person who has a special interest in the enforcement of the charitable trust, but not by persons who have no special interest or by the settlor or his heirs, personal representatives or next of kin."

**{¶14}** Appellants argue the City of Johnstown is a "de facto co-trustee" because the Mayor of Johnstown is a designated member of the Management Body. Assuming arguendo the Mayor's status as a member of the Management Body gives him the same rights as a co-trustee of the trust, the Mayor is not a party to the declaratory judgment action. We find the Mayor's membership in the Management Body of the trust does not impute to the City of Johnstown, which is a separate entity from the Mayor.

**{¶15}** Appellants argue they have standing as public officers because they are public officers, elected by the residents of Johnstown, and the trust specifically states the assets are to be held for the purpose of the benefit of the residents of Johnstown and the surrounding community. In *Jackson v. Cleveland Clinic Found.*, N.D.Ohio No. 1:11 CV 1334, 2011 WL 4007732, *5, the court rejected a similar argument made by the Mayor of Cleveland:

> Plaintiffs assert that they may sue to enforce charitable trust obligations because the mayor is a "public officer who lawfully represents the entire community." (Pls.' Mem., at 13–14.) The authority on which Plaintiffs rely, however, supports the Clinic's position. *Plant* held that Ohio R.C. § 109.24 "grants absolute control of the prosecution for the enforcement of a charitable trust to the Attorney General," and "lacks any language that would ... confer power to prosecute a charitable trust on any

other entity." 1996 WL 185341, at *3. While the court in *Plant* noted that "[w]here the action effects the entire community, the proper party to bring the suit is the public officer that lawfully represents the entire community," *Id.*, Plaintiffs here do not represent the entire community. Plaintiffs do not even represent East Cleveland, the community in which Huron Hospital is located.

**{¶16}** In the instant case, we find Appellants similarly do not represent the entire community. Appellants represent only one municipality and one school district, while the Trust benefits the entire surrounding community. R.C. 109.24 designates the OAG as the public officer who lawfully represents the entire community.

**{¶17}** Finally, Appellants argue they have a special interest in the trust. In *Plant, supra,* the court discussed special interest standing as follows:

> The Plaintiffs do not allege that they possess a special interest in the charitable trust. The Jacob Dettmer trust does not specifically refer to the Plaintiffs individually as an actual beneficiary. The Plaintiffs are in fact concerned members of the general public, possessing the same level of interest as any other citizen of Miami County. The Plaintiffs are best characterized as probable beneficiaries. Lacking any special interest, the Plaintiffs lack standing to sue. The party in the best position to protect the interests of the citizens of Miami County is the Attorney General.

**{¶18}** *Plant, supra,* *4.

**{¶19}** As in *Plant*, Appellants herein are not referred to in the Trust as actual beneficiaries, but rather have the same level of interest as the entire community for whom the trust was established, and are at best characterized as possible beneficiaries of the trust. Appellants have not pointed to any special interest they have in the trust which distinguishes them from the entire community for whom the trust was established.

**{¶20}** Appellants cite to the Third Restatement of Trusts, which indicates special interest standing might be justified where the beneficiary group is "reasonably limited" and the issue is a matter of common concern to all members of the potential recipient group. However, this standard has not been adopted by Ohio courts, and is inapplicable to the instant case. The group of potential beneficiaries of the Trust is not reasonably limited, as it extends not only to the City of Johnstown, but also to the township and the "surrounding community." The concerns of Appellants are linked to its own interests and not to the entire surrounding community for whom the trust was established. Furthermore, we conclude the Restatement does not diminish or otherwise supersede the OAG's exclusive authority as provided in R.C. 109.24.

**{¶21}** We find the trial court did not err in finding Appellants lacked standing to bring a declaratory judgment action to enforce the Trust. The assignment of error is overruled.

{¶22}  The judgment of the Licking County Common Pleas Court, Probate Division, is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

King, J. concur