[Cite as *Kromer v. Arthritis Found., Inc.*, 2025-Ohio-661.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Thomas R. Kromer,                 :

        Plaintiff-Appellant,          :            No. 24AP-360
                                                      (C.P.C. No. 23CV-4657)

v.                                    :

                                                 (ACCELERATED CALENDAR)

Arthritis Foundation, Inc. et al,      :

        Defendants-Appellees.       :

---

D E C I S I O N

Rendered on February 27, 2025

---

**On brief:** *Thomas R. Kromer*, pro se.  **Argued:** *Thomas R. Kromer*.

**On brief:** *Dave Yost*, Attorney General, *Tracy Q. Wendt*, and *Bret A. Baker*, for appellee Ohio Attorney General Charitable Law Section.  **Argued:** *Tracy Q. Wendt*.

**On brief:** *Porter Wright Morris & Arthur*, *LLP*, *David P. Shouvlin*, and *C. Darcy Jalandoni*, for appellee Arthritis Foundation, Inc.  **Argued:** *C. Darcy Jalandoni*.

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, P.J.

{¶ 1} Plaintiff-appellant, Thomas R. Kromer, appeals a judgment of the Franklin County Court of Common Pleas that dismissed all claims against defendants-appellees, Dave Yost, Attorney General of the State of Ohio, and the Arthritis Foundation, Inc. ("Arthritis Foundation").  For the following reasons, we affirm that judgment.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 29, 2023, Kromer filed a declaratory judgment action against the attorney general, the Arthritis Foundation, and the Central Ohio Chapter Arthritis

Foundation, Inc. ("Ohio Chapter"). The Arthritis Foundation is a national charitable organization, of which the Ohio Chapter was a local chapter. The Ohio Chapter was a charitable trust under R.C. 109.23. Kromer is a former director of the Ohio Chapter and a retired, inactive attorney.

{¶ 3} In the early 1990s, the Ohio Chapter conducted a capital campaign to construct a facility to meet the needs of people with arthritis. The complaint states that "the then-presiding [] Ohio [Chapter] Board Chairman sought and received a waiver from [the Arthritis Foundation] allowing all capital campaign funds raised locally to" fund the construction of the facility. (Compl. at ¶ 20.) The waiver allowed the Ohio Chapter to deviate from its typical practice of remitting a percentage of all donations to the Arthritis Foundation. The Ridge Mill Drive facility, which was constructed with the capital campaign contributions, opened in 1994.

{¶ 4} Effective January 1, 2011, the Ohio Chapter merged with the Arthritis Foundation, Great Lakes Region, Inc. ("Great Lakes"), and the Ohio Chapter then ceased to exist. Pursuant to Article XIII of the Ohio Chapter bylaws, "[i]n the event of dissolution of this Chapter or the surrender or loss of charter, the assets of this Chapter shall be transferred to the [Arthritis] Foundation to be used for the purposes of the [Arthritis] Foundation, within the Chapter's area." (Compl., Ex. A at 10.) The bylaws defined the Ohio Chapter's "area" as 25 specified counties within central Ohio. (Compl., Ex. A at 1.) However, when the Ohio Chapter merged with Great Lakes, "all property, real, personal and mixed, . . . and all and every other interest" that the Ohio Chapter owned was vested with Great Lakes. (Compl., Ex. B at 1.)

{¶ 5} In 2016, Great Lakes transferred its assets to the Arthritis Foundation before dissolving. The Arthritis Foundation sold the Ridge Mill Drive facility in 2021.

{¶ 6} Relying on Article XIII of the Ohio Chapter bylaws and the waiver obtained during the capital campaign, the complaint requested the trial court declare the Arthritis Foundation must maintain the assets of the Ohio Chapter and the proceeds of the sale of the Ridge Mill Drive facility as restricted-use assets, with use limited to the central Ohio counties listed in the Ohio Chapter bylaws. The complaint also requested the trial court order the Arthritis Foundation to make annual reports regarding the restricted-use assets to the attorney general and former board members of the Ohio Chapter.

{¶ 7}   On August 3, 2023, the attorney general filed a Civ.R. 12(B)(6) motion to dismiss Kromer's complaint, arguing that the complaint failed to state a claim upon which relief could be granted.  Primarily, the attorney general argued that Kromer lacked standing to bring his action because R.C. 109.24 vested the attorney general with exclusive authority to enforce charitable trusts.  On August 31, 2023, the Arthritis Foundation filed a Civ.R. 12(B)(6) motion to dismiss that set forth the same argument.  Kromer opposed both motions to dismiss.

{¶ 8}   The trial court granted the motions to dismiss.  In a judgment entered May 20, 2024, the trial court dismissed all claims against defendants, with prejudice.

## II.  ASSIGNMENTS OF ERROR

{¶ 9}   Kromer now appeals the May 20, 2024 judgment and assigns the following errors:

> [1.] The trial court erred and abused its discretion in dismissing appellant's complaint for declaratory judgement, for lack of standing.

> [2.] The trial court erred and abused its discretion in finding Appellant could not cure defects in pleadings by any amendments, and by allowing Appellee Arthritis Foundation to present a judgement entry "with prejudice".

> [3.] The trial court erred and abused its discretion in conditionally finding Appellant is engaged in the unlawful practice of law.

## III.  STANDARD OF REVIEW

{¶ 10} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint.  *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11.  In construing a complaint on a Civ.R. 12(B)(6) motion, a trial court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor.  *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 2007-Ohio-3608, ¶ 14.  To grant the motion, the trial court must conclude that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to the relief sought.  *Alford v. Collins-McGregor Operating Co.*, 2018-Ohio-8, ¶ 10.  Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo.  *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.

## IV. LEGAL ANALYSIS

### A. First Assignment of Error – R.C. 109.24 Vests the Attorney General with Exclusive Authority to Enforce Charitable Trusts

{¶ 11} By his first assignment of error, Kromer argues that the trial court erred in dismissing his action for lack of standing. Although the trial court misidentified the legal concept at issue, it did not err in dismissing this action under Civ.R. 12(B)(6).

{¶ 12} The trial court concluded that Kromer did not have standing to bring his action because R.C. 109.24 grants exclusive authority to enforce a charitable trust to the attorney general. Kromer first argues that R.C. 109.25, not R.C. 109.24, applies to his action.

{¶ 13} In relevant part, R.C. 109.24 states:

> The attorney general shall institute and prosecute a proper action to enforce the performance of any charitable trust, and to restrain the abuse of it whenever he considers such action advisable or if directed to do so by the governor, the supreme court, the general assembly, or either house of the general assembly. Such action may be brought in his own name, on behalf of the state, or in the name of a beneficiary of the trust.

Thus, pursuant to the plain language of R.C. 109.24, only the attorney general may bring suit to enforce a charitable trust. *Jackson v. Cleveland Clinic Found.*, 2011 U.S. Dist. LEXIS 101768, *13 (N.D.Ohio Sept. 9, 2011); *Johnstown v. Smith*, 2024-Ohio-5128, ¶ 11 (5th Dist.); *In re Estate of Moritz*, 2020-Ohio-5012, ¶ 19 (5th Dist.); *Plant v. Upper Valley Med. Ctr.*, 1996 Ohio App. LEXIS 1529, *7-8, 10 (2d Dist. Apr. 19, 1996).

{¶ 14} R.C. 109.25 provides that:

> The attorney general is a necessary party to and shall be served with process or with summons by registered mail in all judicial proceedings, the object of which is to:
>
> (A) Terminate a charitable trust or distribute assets;
>
> (B) Depart from the objects or purposes of a charitable trust as the same are set forth in the instrument creating the trust . . . ;
>
> (C) Construe the provisions of an instrument with respect to a charitable trust;
>
> (D) Determine the validity of a will having provisions for a charitable trust.

Based on the plain language of R.C. 109.25, if a plaintiff files an action seeking to accomplish any of the objectives listed in the statute, the plaintiff must join the attorney

general as a necessary party.  *See Univ. Hosps. of Cleveland, Inc. v. Lynch*, 2002-Ohio-3748, ¶ 39-42 (because none of the circumstances contemplated by R.C. 109.25(A) through (D) were present, the attorney general did not have to be served as a necessary party).

{¶ 15} Whether R.C. 109.24 or 109.25 applies to this case depends on the purpose of Kromer's lawsuit.  If the suit seeks to enforce a charitable trust, then R.C. 109.24 governs. If the impetus behind the action is one of the purposes listed in R.C. 109.25, then that statute controls.

{¶ 16} Kromer purports to bring this action for the purposes listed in R.C. 109.25(B) and (C).  Kromer, however, does not explain how the relief he seeks in his complaint correlates with the objectives in R.C. 109.25(B) or (C).

{¶ 17} In his complaint, Kromer requests that the trial court enforce Article XIII of Ohio Chapter's bylaws and the Arthritis Foundation's waiver of its share of capital campaign donations by declaring that certain assets held by the Arthritis Foundation are restricted-use assets.  According to the complaint, the Arthritis Foundation now holds the assets of the defunct Ohio Chapter in Georgia, which Kromer contends violates Article XIII and the donation waiver.  The relief sought in the complaint would require the Arthritis Foundation to use the assets in central Ohio, as Kromer believes it must to comply with its obligations.  In short, Kromer seeks to enforce a charitable trust.  R.C. 109.24, therefore, applies to this case.

{¶ 18} As we stated above, R.C. 109.24 grants the attorney general the exclusive authority to enforce a charitable trust.  *Jackson*, 2011 U.S. Dist. LEXIS 101768, at *13; *Smith*, 2024-Ohio-5128, at ¶ 11; *Moritz*, 2020-Ohio-5012, at ¶ 19; *Plant*, 1996 Ohio App. LEXIS 1529, at *7-8, 10.  Although the Second District Court of Appeals held in *Plant* that "R.C. § 109.24 grants to the attorney general sole discretion regarding the administration and enforcement of charitable trusts," it also considered whether the plaintiffs in that case might have standing under the rule set forth in Section 391 of the Second Restatement of Trusts.  *Plant* at *10.  That section provides:

> A suit can be maintained for the enforcement of a charitable trust by the Attorney General or other public officer, or by a co-trustee, or by a person who has a special interest in the enforcement of the charitable trust, but not by persons who have no special interest or by the settlor or his heirs, personal representatives or next of kin.

2 Restatement of the Law 2d, Trusts, Who Can Enforce a Charitable Trust, § 391 (1959). The *Plant* court concluded that, even under this more expansive standard, the plaintiffs could not bring their action.

{¶ 19} In *Smith*, the Fifth District Court of Appeals determined that the *Plant* court's discussion of Section 391 amounted to a holding that "under narrow circumstances, a party other than the [attorney general] may bring an action to enforce the trust." *Smith* at ¶ 13. We do not interpret *Plant* in the same way. We deem the *Plant* court's Restatement analysis dicta, as Section 391 deviates from R.C. 109.24 by permitting parties other than the attorney general to maintain enforcement actions. A court cannot rewrite a plain and unambiguous statute by adding words that do not appear. *Pelletier v. Campbell*, 2018-Ohio-2121, ¶ 20. *Plant*, therefore, could not create an exception to the statutory requirement that the attorney general institute and prosecute suits to enforce charitable trusts.

{¶ 20} Even though we concur with how the trial court interpreted R.C. 109.24, we do not agree with the trial court that Kromer lacked *standing*. Rather, given the dictates of R.C. 109.24, we find Kromer lacked the *capacity* to file suit.

{¶ 21} A plaintiff must have both standing and capacity to commence a lawsuit. *Mousa v. Mt. Carmel Health Sys.*, 2013-Ohio-2661, ¶ 12 (10th Dist.). Standing depends on whether the plaintiff has alleged a sufficient personal stake in the outcome of the controversy to obtain a judicial resolution. *Deutsche Bank Natl. Trust Co. v. Holden*, 2016-Ohio-4603, ¶ 20; *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 7. To establish traditional standing, a plaintiff must establish (1) an injury that is (2) fairly traceable to the defendant's unlawful conduct, and (3) likely to be redressed by the requested relief. *Holden* at ¶ 20; *ProgressOhio.org, Inc.* at ¶ 7.

{¶ 22} A party may have standing but lack capacity to sue. *Bank of Am., N.A. v. Stewart*, 2014-Ohio-723, ¶ 44 (7th Dist.). Capacity to sue refers to the eligibility of a person to commence an action. *Mousa* at ¶ 13. In determining whether an individual has the capacity to sue, a court examines the substantive law to ascertain whether the party has the right to appear in a court in the first instance. *Eichenberger v. Woodlands Assisted Living Residence, L.L.C.*, 2013-Ohio-4057, ¶ 15 (10th Dist.); *Stewart* at ¶ 45; 1 *Ohio Civil Procedure Litigation Manual*, § 17.01 (2024). A person with capacity has the legal qualifications to sue, either as an individual or on behalf of another. *Stewart* at ¶ 45;

*Wanamaker v. Davis*, 2007-Ohio-4340, ¶ 42 (2d Dist.). Thus, for example, in wrongful death actions, only the decedent's personal representative has the capacity to sue because R.C. 2125.02(A)(1) states that a wrongful death action "shall be brought in the name of the personal representative of the decedent." *Toledo Bar Assn. v. Rust*, 2010-Ohio-170, ¶ 19.

{¶ 23} As we stated above, R.C. 109.24 provides that, "[t]he attorney general shall institute and prosecute a proper action to enforce the performance of any charitable trust, and to restrain the abuse of it." Consequently, substantive law designates the attorney general as the only person eligible to commence and pursue an action to enforce the performance or restrain the abuse of a charitable trust. *Jackson*, 2011 U.S. Dist. LEXIS 101768, at *13; *Smith*, 2024-Ohio-5128, at ¶ 11; *Moritz*, 2020-Ohio-5012, at ¶ 19; *Plant*, 1996 Ohio App. LEXIS 1529, at *7-8, 10. The attorney general, therefore, is the sole person with capacity to bring the instant action. Because Kromer does not have capacity to bring the action, the trial court did not err in dismissing his action for failure to state a claim upon which relief could be granted.

{¶ 24} The trial court, however, dismissed Kromer's action for lack of standing, not lack of capacity to sue. This was incorrect. We, consequently, must sustain Kromer's first assignment of error. Nevertheless, while we sustain Kromer's first assignment of error, we do not reverse the trial court's judgment based on our ruling. Reversal is not appropriate because the trial court reached the correct result, even though it relied on the wrong legal doctrine to dismiss Kromer's action.

### B. Second Assignment of Error – Amendment of Complaint and Dismissal with Prejudice

{¶ 25} By his second assignment of error, Kromer argues that the trial court erred by (1) not allowing him to amend his complaint to cure defects, and (2) dismissing his action with prejudice. We are not persuaded that the trial court committed either alleged error.

{¶ 26} Pursuant to Civ.R. 15(A), a plaintiff may amend a complaint once as a matter of course within 28 days after service of the complaint, or the earlier of 28 days after service of (1) a responsive pleading, or (2) a motion to dismiss, to strike, or for a more definite statement. *See Brown v. Pub. Storage*, 2019-Ohio-5441, ¶ 12 (10th Dist.); *Hunter v. Rhino Shield*, 2019-Ohio-1422, ¶ 13 (10th Dist.). In all other cases, a plaintiff may not file an amended complaint without first obtaining opposing counsel's written consent or leave of the trial court. Civ.R. 15(A); *Brown* at ¶ 12; *Hunter* at ¶ 13.

{¶ 27} To obtain leave of court to file an amended complaint, a plaintiff must file a motion pursuant to Civ.R. 7(B)(1). *Studier v. Tancinco*, 1994 Ohio App. LEXIS 897, *12-13 (8th Dist. Mar. 10, 1994). "[A] motion acts as a sort of 'catchall' filing during litigation:  if a litigant wants a court to do something, he or she files a motion asking the court to do it." *Ohio Patrolman's Benevolent Assn. v. Cleveland*, 2024-Ohio-2651, ¶ 24.  A motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Civ.R. 7(B)(1).

{¶ 28} A trial court "shall freely give leave [to file an amended complaint] when justice so requires." Civ.R. 15(A).  Nevertheless, a trial court properly denies leave to amend when amendment would be futile.  *Green v. Peters*, 2024-Ohio-6040, ¶ 14 (1st Dist.); *Wilkinson v. Dayton*, 2024-Ohio-180, ¶ 39 (2d Dist.); *Harris v. Cunix*, 2022-Ohio-839, ¶ 8 (10th Dist.).  An appellate court reviews a trial court's ruling on a motion for leave to amend a complaint for an abuse of discretion.  *Harris* at ¶ 8.

{¶ 29} Here, Kromer needed leave of court to file an amended complaint.[1]  Kromer, however, did not file a motion for leave to file an amended complaint.  Instead, Kromer merely tucked a request for leave into his memorandum in opposition to the Arthritis Foundation's motion to dismiss.  At the conclusion of his memorandum, Kromer stated that, as an alternate remedy, he "would request leave to file an amended complaint to cure any alleged pleading defects."  (Pl.'s Response to Def. Arthritis Foundation's Mot. to Dismiss at 6.)  Importantly, Kromer offered no grounds to support his request nor any indication of how his amended complaint would correct the pleading defects in the original complaint.

{¶ 30} Given Kromer's failure to comply with Civ.R. 7(B)(1), the trial court did not err in denying Kromer's request for leave to amend his complaint.  Kromer provided the trial court with no grounds to consider and, thus, no basis on which to rule on the request.

{¶ 31} Furthermore, amendment of the complaint could not endow Kromer with capacity to obtain the relief he wants.  No matter what cause of action Kromer pleads, only the attorney general has the authority to enforce a charitable trust under R.C. 109.24.  The trial court, therefore, did not abuse its discretion in denying Kromer's request for leave to amend because amendment would be futile.

---

[1]  Alternatively, Kromer could have obtained opposing counsels' written consent, but this did not occur.

{¶ 32} Next, Kromer argues that the trial court erred in dismissing his action with prejudice. We disagree.

{¶ 33} A dismissal under Civ.R. 12(B)(6) is an involuntary dismissal under Civ.R. 41(B). *Reasoner v. Columbus*, 2005-Ohio-468, ¶ 7 (10th Dist.). In *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 2009-Ohio-4176, the Supreme Court of Ohio held:

> Civ.R. 41(B) states the policy of the law with regard to involuntary dismissals: only dismissals on jurisdictional grounds—either lack of subject-matter jurisdiction or lack of personal jurisdiction over the defendant—raise a presumption of no prejudice to reasserting the same claim through a second complaint. Civ.R. 41(B)(4). Other involuntary dismissals constitute "adjudication[s] on the merits" unless the dismissal order specifies the contrary.
>
> It follows that a dismissal grounded on a complaint's "failure to state a claim upon which relief can be granted" constitutes a judgment that is an "adjudication on the merits."

*Arcadia Acres* at ¶ 14-15.

{¶ 34} The Supreme Court decided *Arcadia Acres* less than one year after it held in *Fletcher v. Univ. Hosps.*, 2008-Ohio-5379, that "a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." *Fletcher* at ¶ 17. Although this holding contradicts the Supreme Court's pronouncement in *Arcadia Acres*, the Supreme Court did not distinguish or even mention *Fletcher* in *Arcadia Acres*. Where Supreme Court precedent conflicts, appellate courts are bound to follow the Supreme Court's most recent decision. *Blackburn v. Hamoudi*, 1991 Ohio App. LEXIS 566, *6 (10th Dist. Feb. 8, 1991). This court, therefore, has followed *Arcadia Acres*, holding that a dismissal pursuant Civ.R. 12(B)(6) is with prejudice. *See Dugas v. Ohio Adult Parole Auth.*, 2022-Ohio-1923, ¶ 20 (10th Dist.); *George v. State*, 2010-Ohio-5232, ¶ 14 (10th Dist.).

{¶ 35} Because a dismissal pursuant to Civ.R. 12(B)(6) is typically an adjudication on the merits, we cannot conclude that the trial court erred in adding "with prejudice" to the judgment. Even without the words "with prejudice," the trial court's judgment would constitute an adjudication on the merits. Kromer made no argument before the trial court

or this court justifying the conversion of the dismissal into a judgment otherwise than on the merits.

{¶ 36} In sum, the trial court did not err by denying Kromer leave to amend his complaint or dismissing his action with prejudice. Accordingly, we overrule Kromer's second assignment of error.

### C. Third Assignment of Error – Unauthorized Practice of Law

{¶ 37} By Kromer's third assignment of error, he argues that the trial court erred in finding that if he had asserted his action as a trustee for the Ohio Chapter, then he would have engaged in the unauthorized practice of law. We disagree.

{¶ 38} Pursuant to Gov.Bar R. VI(5)(B)(6), an inactive attorney shall not "[p]ractice before any nonfederal court or agency in Ohio on behalf of any person except for the attorney's self." A person who institutes legal proceedings and appears in court as a trustee for a trust is engaged in the practice of law on behalf of the trust. *Mahoning Cty. Bar Assn. v. Alexander*, 79 Ohio St.3d 1220, 1221 (1997).

{¶ 39} Kromer alleged in the complaint that he is a retired, inactive attorney. Kromer, therefore, cannot practice before the trial court or this court on behalf of another person or entity. Gov.Bar. R. VI(5)(B)(6). If Kromer could somehow bring this action under R.C. 109.25 in his capacity as a trustee for or of the Ohio Chapter, he would be representing the interests of the Ohio Chapter and, thus, engaging in the unauthorized practice of law. Accordingly, we overrule Kromer's third assignment of error.

## V. CONCLUSION

{¶ 40} For the foregoing reasons, we sustain Kromer's first assignment of error, and we overrule Kromer's second and third assignments of error. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and LELAND, JJ., concur.

_____